The plaintiffs, on 29 March, 1912, leased the hotel property at (453) Brevard, N.C. from the defendant company for one year with the privilege of renewal for two years. At the same time the defendant company gave the plaintiff an option to purchase the property at the price of $15,000, reserving, however, the right to sell it at not less than $18,500, and in case it exercised that right to sell, it agreed to pay the plaintiff one-half the sum they might receive from the sale of the property in excess of $15,000. *Page 524 
At the time the contract was made there was a mortgage on the property for $8,000. It was in evidence that the plaintiff, Gilmer, expressing an unwillingness to lease the property with a mortgage on it, the defendant Robinson, president of the corporation, replied: "Me and Smith (the secretary, who was also codefendant) own 95 per cent of the stock. You will be protected and never interfered with." The defendant Robinson, the plaintiffs allege, led them to believe that the defendant corporation was insolvent, but that he and Smith were solvent and would protect the plaintiffs' lease.
The plaintiffs sublet in April, 1912, for $2,000, with the privilege of renewal for two years, and paid the stipulated rent of $1,200. In August, 1912, the defendant corporation defaulted in payment of the semiannual interest of $240. The mortgagee wrote to Robinson three times, asking if he desired the loan extended, and received no reply. The mortgagee testified that the loan would have been extended indefinitely if interest had been paid. In November, 1912, the mortgage was foreclosed. The defendants gave the plaintiffs, who resided in another section of the State, and the hotel being closed, no notice of the sale and no opportunity to protect their rights. In August the plaintiffs had notified Robinson that they would purchase the property under their option. Defendant Smith attended the foreclosure sale and ran the property up to about $15,795, and it was then bought by Cleveland Williams for $15,800 cash.
The plaintiffs brought this action and joined the defendants, Smith and Robinson, as guarantors from loss or damage on account of the breach of contract. The plaintiff entered a nonsuit as against Smith. The jury, on the issues submitted by the court, found that "The defendant, the Franklin Park Improvement Company, procured the sale of the property described in the complaint in violation of their contract, as alleged in the complaint, and that the plaintiffs were entitled to recover of said company for breach of said contract $1,750," and from the judgment thereon the defendants appealed.
The court, being of opinion that the defendant Robinson was not liable on his verbal guarantee, directed the jury not to answer the issues as to his liability. To this the plaintiffs excepted and appealed.
This case was fully and ably argued by counsel on both sides, who also filed very elaborate briefs, showing their interest in the *Page 525 
cause and the study which they had given it. But upon consideration of the whole case we do not find any error.
The first issue was purely as to a matter of fact, and, there being evidence to support the plaintiffs' contentions, the verdict, undisturbed by the judge, is conclusive. It follows that, as to the second issue, $1,750 was the correct amount of the damage.
The judge was also correct as to his ruling that under the statute of frauds, Rev., 974, the guarantee of Robinson, if made, was oral, and therefore could not be enforced.
No error.
WALKER, J., dissents in part.
Cited: Caldwell v. Robinson, 179 N.C. 521, 525 (p); Novelty Co. v.Andrews, 188 N.C. 64 (1f).